UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
:
VICENTE E. MESA ECHEVARRIA,                      :
                                                 :            19 Civ. 10268 (PAE) (SLC)
                                                 :
                            Plaintiff,           :            OPINION AND ORDER
        -v-                                      :
                                                 :
                                                 :
STEVE BRANDES, LAURA ROLLO, AND                  :
UROLOGY DEPARTMENT OF NEW YORK                   :
PRESBYTERIAN HOSPITAL,                           :
                                                 :
                            Defendants.          :
                                                 :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

   On November 5, 2019, *pro se* plaintiff Vincente Emilio Mesa Echevarria filed this action bringing medical malpractice claims against a hospital and two affiliated individuals arising out of his urology surgery at New York Presbyterian Hospital. Dkt. 2. As the basis for subject matter jurisdiction, the complaint stated that the Court had federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 2. This Court referred the action to the Honorable Sarah L. Cave, United States Magistrate Judge. Dkt. 3.

   On February 21, 2020, Judge Cave ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute because the defendants had not yet been served. Dkt. 5. On March 3, 2020, plaintiff responded, seeking an extension of time to effect service, which Judge Cave granted. Dkts. 6–7. On September 3, 2020, the defendants were properly served with a Summons and Complaint. Dkt. 15. On October 13, 2020, after having been notified that

a question had arisen as to the existence of subject matter jurisdiction, this Court requested that Judge Cave prepare a Report and Recommendation on the issue.  Dkt. 17.

Before the Court is Judge Cave's October 14, 2020 Report and Recommendation.  Dkt. 18 ("Report").  It recommends that the case be dismissed for lack of subject matter jurisdiction because the facts alleged do not implicate any federal question.  The Report also recommends that Mr. Echevarria be denied *in forma pauperis* status for the purpose of an appeal, and that an appeal from this order under 28 U.S.C. § 1915(a)(3) would not be taken in good faith.  *Id.*  The Report states that the parties had 14 dates to file a written objection.  *Id.*  On October 27, 2020, this Court received a notice from Mr. Echevarria, which, although styled as a notice of appeal, appeared in substance to seek additional time to respond to the Report.  Dkts. 19, 21.  The Court granted that extension.  Dkt 21.  On November 6, 2020, Mr. Echevarria filed an objection to the Report and Recommendation.  Dkt. 22 ("Objections").

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).  And, "[t]o the extent that the

objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report and Recommendation for clear error." *Lilley v. Berryhill*, No. 16 Civ. 4396 (PAE), 2017 WL 4236568, at *2 (S.D.N.Y. Sept. 25, 2017).

Mr. Echevarria's objections do not contest the Report's finding that his claims failed to invoke federal question jurisdiction. Objections. Thus, as to that finding, this Court reviews the Report for clear error—and finds none. Instead, Mr. Echevarria now argues that there is federal subject matter jurisdiction under 28 U.S.C. § 1332 because he is a Cuban citizen and thus this Court has diversity jurisdiction over his claims. However, that contention was not raised in the complaint, or at any later point until now, and a complaint cannot be properly amended through an objection to a Report and Recommendation. *See United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." (citations omitted)). The Court accordingly dismisses the Complaint. The dismissal is without prejudice to Mr. Echevarria's right to bring a new case, this time identifying a proper basis for subject matter jurisdiction.

## CONCLUSION

Careful review of the thorough and well-reasoned Report reveals no facial or legal error in its conclusions. The Report, which is incorporated by reference herein, is adopted without modification. Mr. Echevarria's claims are dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: November 17, 2020
        New York, New York